IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:14cr75-HEH |
| | ) | |
| FERNANDO JOSUE CHANG MONROY, | ) | |
| | ) | |
| a/k/a "Luis Paiz," | ) | |
| a/k/a "Filippo Berio Lucca" | ) | |
| a/k/a "Lolita Ayala," | ) | |
| a/k/a "Nicolasa Aguilar," | ) | |
| a/k/a "El Jefe," | ) | |
| a/k/a "Jack," | ) | |
| a/k/a "J&amp;C.NIEMAN INC" | ) | |
| a/k/a "Mama Juana" | ) | |
| a/k/a "Agustina de Aragon" | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia;

Erik S. Siebert, Dominick S. Gerace, and Peter S. Duffey, Assistant United States Attorneys; the

defendant, Fernando Josue Chang Monroy; and the defendant's counsel, Dennis Urbano,

Esquire, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal

Procedure.  The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Count One of the superseding indictment

charging the defendant with conspiracy to possess with the intent to distribute and distribute five

kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, on board an aircraft registered in the United States, in violation

of Title 21, United States Code, Sections 963 and 959(b).  The maximum penalties for this

offense are:  a mandatory minimum term of imprisonment of ten years, a maximum term of life imprisonment, a fine of $10 million, full restitution, forfeiture of assets as outlined in paragraphs 15-17 below, a special assessment, and at least 5 years of supervised release.  The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.      Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c).  These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

**3.      Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense.  The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.  The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**4.      Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.  The defendant understands that the rights of criminal defendants include the following:

        a.      the right to plead not guilty and to persist in that plea;

2

    b.      the right to a jury trial;

    c.      the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 5. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

3

a.      Pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, relating to Drug Quantity, the defendant conspired to possess and distribute on a United States registered aircraft, or it was reasonably foreseeable to the defendant that his co-conspirators possessed and distributed on a United States registered aircraft 450 kilograms or more of cocaine, yielding a base offense level of 38.

b.      Pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines, the defendant possessed a dangerous weapon, resulting in a two-point enhancement.

c.      Pursuant to Section 3B1.1 of the Sentencing Guidelines, the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), resulting in a two-point enhancement.

d.      The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

e.      The United States will agree to recommend a sentence of 262 months' imprisonment for the defendant.

These recommendations are not binding on the Court or the Probation Office.

4

### 6.   Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

### 7.   Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of one hundred dollars ($100.00) per count of conviction.

### 8.   Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever

monetary penalties are imposed by the Court will be due immediately and subject to immediate

enforcement by the United States as provided for in Section 3613.  Furthermore, within 14 days

of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

debtor's examination and/or complete a financial statement under penalty of perjury.  If the

Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

      **9.**     **Immunity from Further Prosecution in this District**

      The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the superseding indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the superseding indictment as an offense.  In such a prosecution the United States may allege and prove conduct described in the superseding indictment or statement of facts.  "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.  Notwithstanding any other provision of this paragraph, the United States will not further prosecute the defendant in the Eastern District of Virginia based on the extradition "rule of specialty." *See* Treaty Between the United States and the Republic of Guatemala for the Mutual Extradition of Fugitives from Justice, U.S.-Guat., art. III, July 17, 1903, 33 Stat. 2147 ("He shall moreover  not be tried or punished for any crime or offense provided for by this convention committed previous to his extradition, other than that which gave rise to the extradition, without the consent of the Government which surrendered him, which may, if it think proper, require the production of one of the documents mentioned in Article XI of this convention.."); *United States v. Rauscher*, 119 U.S. 407, 7 S. Ct. 234, 30 L. Ed. 425 (1886).

**10.      Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the

defendant's plea of guilty, the United States will move to dismiss the remaining count of the

superseding indictment against this defendant.

**11.      Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this

agreement in any criminal prosecution against the defendant in the Eastern District of Virginia,

except in any prosecution for a crime of violence or conspiracy to commit, or aiding and

abetting, a crime of violence (as defined in 18 U.S.C. § 16).  Pursuant to U.S.S.G. § 1B1.8, no

truthful information that the defendant provides under this agreement will be used in determining

the applicable guideline range, except as provided in Section 1B1.8(b).  Nothing in this plea

agreement, however, restricts the Court's or Probation Officer's access to information and

records in the possession of the United States.  Furthermore, nothing in this agreement prevents

the government in any way from prosecuting the defendant should the defendant knowingly

provide false, untruthful, or perjurious information or testimony, or from using information

provided by the defendant in furtherance of any forfeiture action, whether criminal or civil,

administrative or judicial.  The United States will bring this plea agreement and the full extent of

the defendant's cooperation to the attention of other prosecuting offices if requested.

**12.      Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be

imposed in this case.  The defendant agrees to forfeit all interests in any drug related asset that

the defendant owns or over which the defendant exercises control, directly or indirectly, as well

as any property that is traceable to, derived from, fungible with, or a substitute for property that

constitutes the proceeds of his offense, or facilitating property or property involved in the

offense. The defendant understands that if proceeds of the offense(s) are not available to the

United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of

the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant further

agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding,

whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders

of forfeiture for such property and waives the requirements of Federal Rules of Criminal

Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant admits and agrees that the conduct described in the charging instrument and

Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the

property sought by the government.

### 13.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to

forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the

forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by

the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by

the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all

property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,

property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

### 14. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past four years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 15. Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine on a United States registered aircraft, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9

**16.     Consent Given for Removal from the United States**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

**17.     Waiver of Rights Related to Removal from the United States**

Except as provided in paragraph 21 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Guatemala on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Guatemala.

**18.     Exception for Changed Circumstances Arising After Plea**

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

**19.     Abandonment of Pending Applications for Relief from Removal**

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement.  The defendant further agrees not to file or prosecute any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in paragraph 20 of this plea agreement.

**20.     The Defendant's Cooperation in the Defendant's Removal**

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal.  The defendant further understands that the defendant's failure or refusal to assist the

DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

**21.     Plea Agreement Binding for Purposes of Removal Proceedings**

The defendant agrees that the defendant intends the agreements contained in this plea agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement.  In particular, the defendant acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

**22.     Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Erik S. Siebert
Dominick S. Gerace
Peter S. Duffey
Assistant United States Attorneys

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment].  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 2/24/16

FERNANDO JOSUE CHANG MONROY
Defendant

**Defense Counsel Signature:** I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 2/24/16

Dennis Urbano, Esq.
Counsel for the Defendant

Amy L. Austin

13